IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM BLAZER,<br><br>      Plaintiff,<br><br>v.<br><br>RACHEL DODD, P. MARTIN, ROB JEFFREYS, WILLIAM LOY, and HEALTHCARE ADMINISTRATION,<br><br>      Defendants. | Case No. 23-cv-1343-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Adam Blazer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Blazer alleges inadequate care for his teeth, eyes, and ears in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and this Court.

1

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Blazer makes the following allegations: Blazer alleges that he has written many requests and grievances about his teeth, eyes, and issues with his hearing (Doc. 1, p. 6). As to the issues with his teeth, Blazer alleges that he has extreme pain which keeps him from eating and sleeping. He is on a long wait list to be seen for his teeth and was only given a small amount of Ibuprofen (*Id.*).

Blazer also alleges that he has issues with his eyes and needs glasses and contact solution (*Id.*). Although he received contact solution after asking for solution repeatedly on the med line, he was not able to take his contacts out of his eyes without solution. He also alleges that his eyes are painful and that the blood vessels are growing closer together and touching his retinas, which could cause blindness and increases his blurry vision (*Id.*). Although Blazer had glasses at one time, he alleges that they were lost when he transferred into IDOC custody.

Finally, Blazer alleges he has issues with his hearing and has written grievances about his hearing. Blazer believes he has lost hearing because he cannot hear when correctional officers call him to chow or the med line (*Id.*). He also cannot hear when he makes phone calls. He has been informed that the list to be seen for his hearing is long.

### Discussion

Simply put, Blazer's Complaint fails to state a claim. Although he lists a number of medical issues that he is currently experiencing, he fails to allege that any of the named Defendants participated in the care he has received. Nor has he alleged that he informed any of them of his need for medical care. He simply fails to include any of the named Defendants in his statement of claim. A number of the Defendants listed in the caption appear to be grievance officials, but the simple mishandling or denial of a grievance does not state a deliberate indifference claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Further, Blazer fails to allege when he sought care for these conditions. As pled, these allegations are not sufficient enough to state a claim. *See* 28 U.S.C. § 1915A; FED. R. CIV. P. 8. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful Complaint generally alleges "the who, what, when, where, and how….").

Blazer's Complaint may also violate the rules of joinder by including all of his grievances together in a single Complaint. Fed. R. Civ. P. 18-21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."). Although all three claims took place while at Robinson, Blazer complains about two different medical conditions as well as dental conditions. These conditions do not all appear to arise from the same transactions or occurrences and it is not clear at this time if his claims regarding his

various conditions have common questions of fact. Because he complains about several different types of medical conditions and care, he may have different providers and, thus, different defendants. Should he continue to pursue claims that are found to be unrelated, those claims would be subject to severance into separate lawsuits, for which he will owe a filing fee and may also incur a "strike" within the meaning of 28 U.S.C. § 1915(g).

Blazer further identifies groups and entities in his case caption which do not appear in the statement of claim. He identifies "all healthcare administration" but fails to indicate what staff he is seeking to sue and for what violations. Although Blazer may certainly allege claims against identified John Does (i.e., John Doe #1, John Doe #2), he includes groups which are too generic to survive threshold review as he does not describe them or even state the number of them.

Accordingly, the Complaint is **DISMISSED without prejudice** and Blazer will be given an opportunity to amend his claims. The Amended Complaint should identify who violated his constitutional rights by name in the statement of claim and should include a description of how his rights were violated, which he has not done with his current Complaint. He should provide additional factual information including how his constitutional rights were violated, who violated his rights, when and where those violations occurred, and what harm was caused by those violations.

### Pending Motions

As to Blazer's motion for counsel (Doc. 3), he indicates that he has contacted three attorneys and he does not understand the legal process. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of

counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because the Court finds Blazer capable of submitting an Amended Complaint on his own. Thus, Blazer's motion for counsel (Doc. 3) is **DENIED without prejudice**.

## Disposition

For the reasons stated above, Blazer's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **July 24, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Blazer's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Blazer must re-file any exhibits he wishes the Court to

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Blazer is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Blazer is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/26/2023**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**