IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM BLAZER,<br><br>    **Plaintiff,**<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., PHIL MARTIN, RACHEL DODD, BILL LOY, and JOSH LANE,<br><br>    **Defendants.** | Case No. 23-cv-1343-RJD |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Adam Blazer, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Blazer's Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim and he was granted leave to file an Amended Complaint (Doc. 15). On July 25, 2023, Blazer filed his Amended Complaint alleging that Defendants failed to provide him dental care in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint pursuant to 28 USC § 1915A in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' and Wexford Health Sources, Inc.'s limited consent to the

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Blazer makes the following allegations: In November 2022 Blazer began experiencing issues with his teeth, including abscesses and infections (Doc. 16, p. 3). The condition of his teeth began deteriorating and he experienced extreme pain and the inability to eat and sleep. Blazer submitted numerous sick call requests from November 2022 through February 2023 (*Id*. at p. 4). He spoke to healthcare unit administrator Phil Martin on numerous occasions and Martin told him that the prison did not have a regular dentist and Blazer would have to "man up and deal with it" (*Id*.). Blazer alleges that sick call wait times under Martin's administration of the healthcare unit have gone from 20 to 30 days, and in Blazer's case it took even longer to be seen (*Id*.). He also alleges that Josh Lane, an administrator in charge of scheduling care at Robinson, failed to schedule consultations in a timely manner (*Id*. at p. 5). Lane purposefully delayed scheduling dental care even though Blazer sought care in November 2022 (*Id*.).

Blazer also alleges that he spoke with warden Rachel Dodd on multiple occasions about his pain and inability to receive dental care (*Id*. at p. 4). Although Dodd informed

---

exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections, Wexford, and this Court.

Blazer that she would look into the issue, she never provided him any update on his request and he did not receive timely dental care (*Id.*). Dodd retired in April 2023 and Bill Loy took over as acting warden (*Id.* at p. 5). Blazer also informed Loy both in writing and in person about his dental problems. He spoke with Loy on the yard in May 2023 and Loy responded: "Well I'm not a dentist. What do you expect me to do about it?" (*Id.*). Blazer alleges that Loy failed to take any steps to ensure Blazer received timely dental care.

Despite submitting dental sick call requests, Blazer did not receive treatment until June 2023 when two of the four infected teeth were pulled. Blazer still has two teeth which need extracting and he alleges that he is in constant pain (*Id.* at p. 5). Blazer alleges that his treatment was delayed due to Wexford Health Sources, Inc.'s policy of purposefully delaying dental care at Robinson (*Id.* at p. 3).

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment deliberate indifference claim against Phil Martin, Rachel Dodd, Bill Loy, and Josh Lane for delaying dental care for Blazer's infected teeth.**
>
> **Count 2:** **Eighth Amendment claim against Wexford Health Sources, Inc., for implementing a policy of delaying and denying dental care at Robinson.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

3

**mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, Blazer states a viable claim for deliberate indifference to his need for dental care against Phil Martin, Rachel Dodd, Bill Loy, and Josh Lane. *Brown v. Osmundson*, 38 F.4th 545, 550 (7th Cir. 2022) (a plaintiff must demonstrate that a defendant denied medical care altogether, delayed care, continued with ineffective treatment, or departed substantially from accepted professional judgment). Blazer also adequately states a claim against Wexford for its policy of delaying treatment for dental conditions. *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) ("Such a private corporation cannot be held liable under [Section] 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself.").

## Disposition

For the reasons stated above, Count 1 shall proceed against Phil Martin, Rachel Dodd, Bill Loy, and Josh Lane. Count 2 shall proceed against Wexford Health Sources, Inc..

The Clerk of Court shall prepare for Defendants Phil Martin, Rachel Dodd, Bill Loy, Josh Lane, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Blazer. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Blazer, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Blazer, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Blazer is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/5/2023**

*/s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**