IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM BLAZER, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) Case No. 23-cv-1343-RJD |
| v. | ) <br> ) |
| PHIL MARTIN, et al., | ) <br> ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Motions for Summary Judgment on the issue of administrative remedy exhaustion filed by Defendants Martin, Dodd, Loy, and Lane (Docs. 49, 50, 53, 56, 57).[1]  As explained further, Defendants' Motions are GRANTED.

**Plaintiff's Complaint**

Plaintiff, formerly incarcerated at Robinson Correctional Center, filed this lawsuit pursuant to 42 U.S.C. §1983 while he was an inmate within the Illinois Department of Corrections.  Doc. 1.  In his Amended Complaint, Plaintiff alleges that in November 2022 his teeth were infected and there were abscesses in his gums; he requested to be seen by the dental staff.  Doc. 16, ¶1. From November 2022-February 2023, he submitted multiple requests for dental care.  *Id*., ¶2. Plaintiff alleges that Defendant Josh Lane was "in charge of scheduling" and purposefully delayed Plaintiff's treatment.  *Id*., ¶5.

---

[1] Plaintiff is proceeding pro se.  He did not file a Response to Defendants' Motions.  Defendants provided Notice to Plaintiff regarding the ramifications of failing to respond.  Docs. 51 and 54.

Defendant Martin was the health care unit administrator at the time and he allegedly told Plaintiff "I don't know what to tell you, we don't have a regular dentist. Man up and deal with it." *Id*., ¶2.  Plaintiff also spoke to Defendant Dodd (the Warden at Robinson) in December 2022, and she allegedly told him she would "look into it" but never did.  *Id*., ¶3.   In April 2023, Defendant Dodd retired and Defendant Loy became the Acting Warden.  *Id*., ¶4.  Plaintiff spoke to Warden Loy about his dental issues and Warden Loy allegedly said "I'm not a dentist. What do you expect me to do about it?"   *Id*.

Plaintiff filed this lawsuit on April 25, 2023.  Doc. 1.  In June 2023, two of Plaintiff's teeth were extracted.  Doc. 16, ¶1.  He continued to have unbearable pain in his teeth.  *Id*. Plaintiff was released from prison in October 2023.  Doc. 37.

### Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).   The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.870(b).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

The inmate may request that his grievance be treated as an emergency by sending it directly to the CAO. *Id.* § 504.840. If the CAO determines that the grievance constitutes an emergency, he/she will expedite its processing. *Id.* § 504.840(b). If the CAO determines that expedited review is not necessary, the grievance will be returned to the inmate with instructions to submit it through the regular channels. *Id.* § 504.840(c).

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director to make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and

[improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, an inmate is only required to exhaust the administrative remedies that are available to him. *Lewis v. Washington,* 300 F.3d 829,833 (7th Cir. 2002).

### Plaintiff's grievance

Plaintiff did not respond to Defendants' motions, but attached his grievance to his Amended Complaint. Doc. 16, pp. 8-10. The grievance reflects that on February 13, 2023, Plaintiff submitted an emergency grievance at Robinson that stated "need to see dentist and get teeth pulled in pain need dentures or partials." *Id*., p. 8. Defendant Dodd's signature indicates that she expedited review of the grievance as an emergency. *Id*., p. 8. The grievance officer received the following response from the dentist at Robinson:

> 2-15-23 received request to be seen by dentist, request states 'I'll explain when I see the dentist.' Patient put on line to be seen for exam at Dental. Without a full time dentist at Robinson and limited dental coverage all treatment and exam lines are long and slow. 2-27-23 reviewed chart for grievance; patient does have several teeth needing attention; will send antibiotic and analgesic today and have patient back for exam at next availability."

*Id*., p. 9. Based upon this response, the grievance officer recommended that the grievance be denied. An unknown individual concurred as the "Chief Administrative Officer" on March 8, 2023. *Id*., p. 10. Plaintiff timely sent the grievance to the ARB, who returned the grievance to Plaintiff with the statement "contact healthcare as the grievance process should be utilized for requests." *Id*., p. 10.

### Discussion

Wexford concedes that the February 13, 2023 grievance sufficiently exhausted Plaintiff's administrative remedies against it. Defendants Dodd, Loy, and Martin contend that Plaintiff "failed to properly utilize grievance procedures" because the ARB returned the grievance without

ruling on it, instructing Plaintiff to not use the grievance process as a request to be seen in the healthcare unit. This argument is not well-taken. Based upon the response by prison officials at Robinson, the record reflects that they knew Plaintiff had already requested to be seen by dental, and that the grievance process was his attempt to alert prison officials that he was not being seen. Regardless of the ARB's decision to return the grievance without reaching a decision on the merits, Plaintiff fully exhausted the February 13, 2023 grievance.

However, Defendants Dodd, Loy, and Martin also argue that the grievance does not identify them and therefore Plaintiff did not exhaust his administrative remedies against them. Defendant Lane also argues that the grievance does not identify him. The Court agrees. The Illinois Administrative Code required Plaintiff to identify the person(s) involved in his complaint, and the only individuals who could possibly be considered identified in the grievance are unknown persons who were responsible for scheduling an appointment for Plaintiff. Plaintiff alleges that he asked Defendants Loy, Martin, and Dodd to arrange for him to be seen in the dental unit, but within the grievance he does not identify their alleged failure to instruct dental staff to see him. Defendant Lane is not identified in the grievance, and his affidavit reflects that he had no responsibility for scheduling Plaintiff. Because Plaintiff's allegations that Defendants Dodd, Loy, Martin, and Lane were deliberately indifferent to his serious dental needs are not reflected in the grievance, it does not suffice to exhaust Plaintiff's administrative remedies against them.

## CONCLUSION

Defendants' summary judgment motions (Docs. 49 and 56) are GRANTED. Plaintiff's claims against Defendants Dodd, Loy, Martin, and Lane are DISMISSED WITHOUT PREJUDICE. Plaintiff's Complaint (Doc. 16) proceeds against Wexford.

**IT IS SO ORDERED.**

**DATED:   September 3, 2024**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**